RECEIVED
IN LAKE CHARLES, LA

APR 2 8 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **JORGE L. PARADA** | **CIVIL ACTION NO. 07-1931** |
| VS. | **SECTION P** |
| **ALBERTO GONZALES, ET AL** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Petitioner Jorge L. Parada filed a petition for writ of habeas corpus (28 U.S.C. § 2241) on November 16, 2007. At the time of filing, he was an inmate at FCC-Oakdale, Oakdale, Louisiana. [Doc. 1]. Petitioner states that he is under a final order of removal, awaiting deportation to his native Venezuela. *Id.* On November 26, 2007, a notice sent by the court was returned with the notation "rts/refused/unable to forward." [Doc. 2]. The document had been mailed to petitioner at the last address provided. Thereafter, on January 9, 2008, an order reassigning this matter to Magistrate Kay was mailed to petitioner. [Doc. 3]. That correspondence also was returned to the court with the notation "rts/refused/unable to forward." [Doc. 4].

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 41(b) permits dismissal of claims "[f]or failure of the plaintiff to prosecute or to comply with ... any order of court." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid

congestion in the calendars of the [d]istrict [c]ourts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[ ]... *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." More than 30 days have elapsed since the court's most recent correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's petition be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b) and LR 41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Lake Charles, Louisiana, on the ____ day of April, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

2